**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0010 |
| ) | |
| **ANWAR LOCKHART,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

    **BEFORE THE COURT** is the Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act. (ECF No. 21.) The Defendant filed a notice of no opposition. (ECF No. 26.) For the reasons stated herein, the Court will continue the trial in this matter until August 5, 2024. The Court finds that the time beginning from the date of this Order through 5, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

    On April 4, 2024, the Government filed a single-count Indictment charging Defendant with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Distribution of cocaine). Defendant was arraigned on May 8, 2024. Jury Selection and Trial is currently scheduled for June 24, 2024.

    The Government seeks a continuance because an essential witness for the Government, Drug Enforcement Administration Chemist Michelle Torres ("Torres"), is unavailable to testify on the scheduled trial date since she has been subpoenaed on April 10, 2024, to testify in another trial in the U.S. District Court for the Western District of Louisiana for June 24, 2024. Torres conducted the forensic analysis of the controlled substance in this case and her testimony is crucial to establishing the key elements of the offense. According to the Government, Torres is unavailable for trial on the weeks of July 1 and July 29, 2024. Moreover, Agent Christopher Scott is unavailable for the weeks of July 22 and July 29, 2024, and Officer Roger Arroyo is unavailable due to a scheduled leave to attend his daughter's wedding during the week of July 8, 2024, and is scheduled to return on July 26, 2024. The

Government contends that all these witnesses are essential to proceed to trial. As stated above, the Defendant does not oppose a continuance in this matter.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Green*, No. CRIM.A. 08-44, 2011 WL 1877299, at *5 (E.D. Pa. May 16, 2011), aff'd, 516 F. App'x 113 (3d Cir. 2013) (finding that a delay needed for the Government to secure a witness was excludable from the Speedy Trial Act calculation under "18 U.S.C. § 3161(h)(3)(A) (excluding '[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness')").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the Government to secure the attendance of its essential witnesses at trial. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 5, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act, ECF No. 21, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than July 24, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than July 26, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-

standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than July 31, 2024;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for June 24, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on August 5, 2024, in St. Thomas Courtroom 1.

**Dated:** June 18, 2024                              */s/ Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.