**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0010 |
| ) | |
| **ANWAR LOCKHART,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**THIS MATTER** comes before the Court upon Defendant Anwar Lockhart's Motion for Modification of Sentence, filed on January 30, 2025. (ECF No. 58.) The United States of America (the "United States") filed an opposition on February 26, 2025. (ECF No. 60.) Having reviewed the parties' written submissions and the record herein and upon due consideration thereof, the Court will deny the motion for the following reasons.

On November 22, 2024, the Court sentenced Defendant to eight months imprisonment with three years of supervised release upon his release from custody. *See* Judgment at ECF No. 57. Defendant seeks to modify his sentence and reduce it to four months incarceration to account for the time he served in federal pretrial detention. Mot. at 2-3. Glaringly absent from Defendant's motion is citation to any statute, rule, or other authority that allows the Court to grant the relief Defendant requests. The Court also notes that Defendant did not raise any objections to the sentence as stated on the record by the Court at the sentencing hearing held on November 22, 2024.

As the United States argues in its opposition, "[u]nless otherwise authorized, this Court lacks authority to modify a sentence after imposition." Opp'n at 2 (citing 18 U.S.C. § 3582(c)).[1] Title 18, Section 3582(c), of the United States Code,[2] governs the modification of

---

[1] The Court also agrees with the United States that any relief sought by Defendant pursuant to Federal Rules of Criminal Procedure Rule 35(a) is untimely. Any "correction" of a sentence under Rule 35(a) must be made "[w]ithin 14 days after sentencing . . . ." Fed. R. Crim. P. 35(a).

[2] Section 3582(c) of Title 18 of the United States Code provides:

> The court may not modify a term of imprisonment once it has been imposed except that—

*United States v. Lockhart*
Case No. 3:24-cr-0010
Order
Page 2 of 3

a sentence's term of imprisonment. None of the limited circumstances for modifying a term of imprisonment outlined in the statute are present in the matter at bar. Thus, the Court cannot re-sentence Defendant to a term of four months incarceration as requested.

Further, in the event Defendant is requesting a credit for time served under 18 U.S.C. § 3585(b), although the Court is sympathetic to the fact that Defendant was detained for several months prior to entering his plea and that he has served the term of imprisonment

---

**(1)** in any case—

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—

  **(i)** extraordinary and compelling reasons warrant such a reduction; or

  **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

imposed by the Superior Court of the Virgin Islands, the Court lacks the authority to grant such request.[3] It is widely acknowledged that the

> Supreme Court has interpreted § 3585(b) as permitting only the Attorney General (through the Bureau of Prisons) to credit time served to a defendant's sentence once the Bureau takes custody of the defendant. *See United States v. Wilson*, 503 U.S. 329, 334-36, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). The Court added that sentencing courts may *not* reduce their sentences by the amount of the time that a defendant has served before sentencing. *See id.* at 333-34; *see also United States v. Carpenter*, 359 F. App'x 553, 557 (6th Cir. 2009).

*United States v. Thomas*, No. 22-2147, 2023 U.S. App. LEXIS 32543, at *5 (6th Cir. Dec. 6, 2023). In view of the fact that the Court is not permitted to credit Defendant for the time he served during pretrial detention at the time of sentencing, the Court advises Defendant, similar to the *Thomas* court, that if Defendant "believes that the Bureau of Prisons miscalculated his time-served credit, he must exhaust his administrative avenues of relief and seek judicial review through a habeas petition under 28 U.S.C. § 2241." *Id*. (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam)). In the event Defendant exhausts his administrative remedies and properly files a timely habeas petition, in light of the circumstances of this case, the Court would permit expedited review of such petition.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendant Anwar Lockhart's Motion for Modification of Sentence, ECF No. 58, is **DENIED**.

**Dated:** February 28, 2025                          */s/ Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**

---

[3] On May 8, 2024, the Magistrate Judge issued an Order of Detention detaining Defendant pending the trial in this matter. *See* ECF No. 11. As noted in the Presentence Report, Defendant remained in pretrial custody from the date of his arrest on May 8, 2024, up until the date of his sentencing hearing held on November 22, 2024.